# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1716 | **DATE** | March 22, 2000 |
| **CASE TITLE** | *Industrial Hard Chrome, Ltd., et al. vs. Hetran, Inc., et al.* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. With respect to counter-defendants Industrial Hard Chrome and Bar Technologies' motion to dismiss counter-plaintiff Hetran's counterclaim, the court (1) grants counter-defendants' motion to dismiss Counts II and IV of the counterclaim, and (2) denies counter-defendants' motion to dismiss Count VI of the counterclaim. Counter-defendants are given until April 5, 2000 to answer or otherwise plead to the remaining counts.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 23 2000 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CW | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

Document Number

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

INDUSTRIAL HARD CHROME, LTD., )
IHC LIMITED PARTNERSHIP, and )
BAR TECHNOLOGIES, L.L.C., )
         )
    Plaintiffs/ )
       Counter-Defendants, )
         )
      v. )    **Case No. 99 C 1716**
         )
HETRAN, INC. and GLOBAL )    **Judge James H. Alesia**
TECHNOLOGY, INC., )
         )
    Defendants/ )
      Counter-Plaintiffs. )

DOCKETED

MAR 2 3 2000

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiffs/counter-defendants' motion to dismiss defendant/counter-plaintiff's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants in part and denies in part plaintiffs/counter-defendants' motion.

## I. BACKGROUND

Defendant/counter-plaintiff Hetran, Incorporated ("Hetran") has filed a six count counterclaim against plaintiffs/counter-defendants Industrial Hard Chrome, Limited ("IHC"), and Bar Technologies ("Bar") (collectively "counter-defendants"). Count I is a claim for breach of contract against IHC, alleging that IHC failed to pay Hetran the amount due under a contract

for the sale of an integrated series of machines (the "Cell").[1] Count II is a claim against IHC for breach of fiduciary duties, alleging that IHC breached its duty when it refused to pay for the Cell. Count III is a claim against IHC and Bar for breach of contract, alleging that Hetran loaned IHC and Bar spare parts for the Cell which have not been paid for or returned. Count IV is a conversion claim against IHC and Bar, alleging that IHC and Bar are in wrongful possession of the Cell because they have not tendered payment for the Cell. Count V is a claim against IHC for breach of contract, alleging that IHC has failed to pay an affiliate of Hetran which provided processing services to IHC. Count VI is a claim against IHC and Bar for unjust enrichment, alleging that IHC and Bar received a benefit from Hetran – namely, that Hetran kept employees on-site at the Cell for training and supervision – without reimbursing or paying Hetran.

Because the court has already issued two opinions in this case, and for the sake of brevity, the court will not restate the underlying facts of this case. The facts may be found in *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741 (N.D. Ill. 1999) and *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 76 F. Supp. 2d 903 (N.D. Ill. 1999). Any additional facts, the court will discuss in further detail under the appropriate section.

In this motion, counter-defendants argue that Counts II, IV, and VI of Hetran's counterclaim should be dismissed for failing to state a cause of action. Counter-defendants argue that (1) Count II should be dismissed because no fiduciary relationship existed between IHC and

---

[1]The contract states that Illinois law shall govern. (Pls. 4th Am. Compl., Ex. 1.) Further, both parties cite to Illinois cases in their briefs. Thus, the court will apply Illinois law to all allegations.

Hetran; (2) Count IV should be dismissed because IHC and Bar have a right to possess the Cell; and (3) Count VI should be dismissed because the parties' relationship is governed by contract.

## II. DISCUSSION

**A.** **Standard for Deciding a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss examines the sufficiency of the complaint or counterclaim, not the merits of that claim. *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In addressing counter-defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in favor of counter-plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987); *Cromley v. Board of Educ. of Lockport*, 699 F. Supp. 1283, 1285 (N.D. Ill. 1988). If, when viewed in the light most favorable to the counter-plaintiff, the counterclaim fails to state a claim upon which relief can be granted, the court must dismiss it. *See* FED. R. CIV. P. 12(b)(6); *Gomez*, 811 F.2d at 1039. However, the court may only dismiss the claim if it appears beyond doubt that the counter-plaintiff can prove no set of facts in support of its claim that would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

3

**B.** **Count II – Breach of Fiduciary Duties Against IHC**

Count II is a claim against IHC for breach of fiduciary duties owed to Hetran. Hetran claims that IHC breached its fiduciary duties to Hetran when it refused to pay Hetran the outstanding amount owed on the Cell and the amount owed on parts and service for the Cell. Counter-defendants argue that this count should be dismissed because (1) Hetran inadequately alleges the joint venture which is the basis for the fiduciary relationship, and (2) there was no joint venture between IHC and Hetran.

IHC and Hetran entered into an agreement for the design, manufacture, and delivery of the Cell. In addition, this agreement provided incentive to IHC and Hetran by way of a "joint venture." According to terms of the agreement, Hetran would refer any processing business it learned of in the Chicago-land area to IHC and IHC, in return, would allow Hetran to show the Cell to customers interested in purchasing a similar Cell. Hetran now alleges that this mutual agreement established a joint venture, which gives rise to the fiduciary relationship.

In order to state a claim for breach of fiduciary duty, Hetran must allege (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) resulting damages. *Seyfarth, Shaw Fairweather & Geraldson v. Wintz*, No. 99 C 1536, 1999 WL 1129609, at *8 (N.D. Ill. Dec. 6, 1999); *see also Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 570 (7th Cir. 1986) (holding that a breach of fiduciary duty claim is sufficient if it alleges a fiduciary relationship and its breach). In its counterclaim, Hetran alleges that (1) Hetran and IHC entered into a joint ventureship; (2)

as joint venturers, IHC and Hetran owed a fiduciary duty to one another;[2] (3) IHC breached that duty by failing to pay Hetran for the Cell and by refusing to pay for additional services and materials which Hetran provided; and (4) Hetran was damaged by the breach. (Counter-Pl. Counterclaim, ¶¶ 23-29.) Thus, Hetran has alleged all the elements of a claim for breach of fiduciary duty, which ordinarily, would be enough to state a claim. However, Hetran has based this fiduciary duty on the existence of a joint venture. Counter-defendants argue that Hetran has failed to allege that a joint ventureship existed and, in fact, there was no joint venture between IHC and Hetran.

A joint venture is an association of two or more parties to carry on a single enterprise for profit. *Fomusa v. Permian Petroleum Co.*, No. 96 C 50410, 1997 WL 792983, at *1 (N.D. Ill. Dec. 16, 1997). To sufficiently allege the existence of a joint venture under Illinois law, the counterclaim must allege the following elements: (1) an agreement to carry on a single enterprise; (2) a common interest in the enterprise; (3) expectation of profits; (4) duty to share profits and losses; and (5) the right of each member to govern the conduct of the other members. *Id.*; *Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp. 2d 862, 872 (N.D. Ill. 1998). Some courts have found that the most important element of a joint venture is that the joint venturers have agreed to share in both profits and losses. *See Donohoe v. Consol. Operating & Prod. Corp.*, 982 F.2d 1130, 1139 (7th Cir. 1992); *Barrett v. Poag & McEwen Lifestyle Centers-Deer Park Town Center, LLC*, No. 98 C 7783, 1999 WL 691850, at *6 (N.D. Ill. Aug. 26, 1999). Further,

---

[2]Under Illinois law, "a fiduciary relationship does exist between partners in a joint venture." *Target Market Publishing, Inc. v. Advo, Inc.*, 136 F.3d 1139, 1146 (7th Cir. 1998).

while the court may infer from the facts and circumstances that the parties did enter into a joint venture, *see Glass v. Kemper Corp.*, 949 F. Supp. 1341, 1345 (N.D. Ill. 1997), the claimant must state enough for the court to at least be able to infer each of the elements from the facts and conclusions alleged. *See Barrett*, 1999 WL 691850, at *3. The court is not simply required to accept the legal conclusions alleged in the counterclaim. *Pearson v. Hafnia Holdings, Inc.*, No. 90 C 991, 1991 WL 18421, at *5 (N.D. Ill. Feb. 7, 1991) (holding that, because plaintiff failed to allege the elements of a joint venture, plaintiff did not properly allege a breach of fiduciary duty).

Hetran argues that a joint ventureship between IHC and Hetran did exist. In support of this claim, Hetran alleges that Hetran and IHC entered into an joint venture agreement whereby (1) Hetran would agree to build a processing line for IHC and, in return, IHC would assist Hetran in its marketing of other Cells; (2) Hetran would recommend and direct processing business in the Illinois area to IHC; and (3) IHC would buy, and Hetran would sell, additional materials and services related to the Cell. (Counter-Pl. Counterclaim ¶¶ 8, 13, 23-29.) Further, Hetran alleges that the parties intended to enter into a joint ventureship, as evidenced by a letter written by IHC which refers to the relationship between the parties as a joint venture. (*Id.* ¶ 10; *see also* Counter-Pl. Resp. to Counter-Defs. Mot. to Dismiss, Ex. A.) The court disagrees with Hetran.

First, there is no allegation that IHC and Hetran were involved in a single enterprise. On the contrary, according to the terms of the contract (which allegedly set up the joint venture), Hetran was to refer processing business to IHC and, in return, IHC would allow Hetran to show the Cell to potential purchasers of a similar Cell. Further, while the letter from IHC uses the

term "joint venture," it does not appear to use it in the legal sense. In fact, the letter refers to the relationship between IHC and Hetran as "a unique customer/vendor joint venture to grow the IHC, Ltd. processing business and also to grow the Hetran capital equipment business in the midwest." (*Id.*) This letter actually cuts against the existence of a joint venture: it clearly describes two different businesses – not a "single enterprise" that is required of a joint venture.

Second, and more importantly, Hetran has not alleged that there was any duty to share profits or losses. On the contrary, the agreement was simply to refer business in the other's direction. Illinois law has differentiated between shared economic benefits and the necessary "shared-profits" element of a joint venture. *See Barrett*, 1999 WL 691850, at *7 (citing *Palin MFG. Co v. Water Tech., Inc.*, 431 N.E.2d 1310, 1314 (Ill. App. Ct. 1982)). Based on the facts and circumstances of the agreement, it cannot be inferred that there was any sort of profit or loss sharing. While the arrangement may have benefitted both IHC and Hetran, whether either would actually profit from the other's referral was a risk that IHC and Hetran assumed individually. Thus, Hetran has failed to sufficiently allege that a joint venture existed and has failed, therefore, to properly allege a breach of fiduciary duties. *See Pearson*, 1991 WL 18421, at *5. Accordingly, the court grants counter-defendants' motion to dismiss Count II of Hetran's counterclaim.

## C.   Count IV – Conversion Claim Against IHC and Bar

Count IV is a claim for conversion against IHC and Bar. Hetran claims that IHC and Bar are in wrongful possession of the Cell because IHC has not tendered the full amount due under the sale contract. Counter-defendants argue that this count should be dismissed because (1)

Hetran inadequately alleges the elements of a conversion claim, and (2) Hetran is not entitled to possession of the Cell.

In order to state a claim for conversion under Illinois law, Hetran must allege that (1) it has an unconditional right to possession of the Cell; (2) it made a demand for the Cell's return; and (3) IHC and Bar wrongfully assumed control, dominion, or ownership over the Cell. *Williams v. Thomas Pontiac-GMC-Nissan-Hyundai*, No. 99 C 882, 1999 WL 787488, at *5 (N.D. Ill. Sept. 24, 1999); *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). In its counterclaim, Hetran alleges that (1) IHC failed to pay Hetran the amount due under the contract; (2) IHC has no right to possess the Cell because it did not tender full payment to Hetran; (3) IHC and Bar have refused to pay for replacement parts provided by Hetran; (4) Hetran has demanded that IHC pay for the Cell and that IHC and Bar pay for the replacement parts but they have refused; and (5) IHC and Bar have deprived Hetran of its rights in the Cell and the replacement parts. (Counter-Pl. Counterclaim ¶¶ 37-42.)

In their motion to dismiss, counter-defendants argue that Hetran has failed to allege the first and third elements of a claim for conversion. First, counter-defendants argue that Hetran alleges that title in the Cell vests with IHC proportionately to the total amount of payments made by IHC, which negates the claim for conversion. Second, counter-defendants contend that Hetran has failed to allege that it demanded the return of the machine. The court agrees with counter-defendants.

In paragraph 12 of its counterclaim, Hetran alleges that the contract provided that ownership of the Cell would "vest in IHC proportionately to the total amount of installment

payments made by IHC." (Counter-Pl. Counterclaim ¶ 12 (citing Pls. Fourth Am. Compl., Ex. 1).) In their answer to plaintiffs' fourth amended complaint, Hetran and the other defendants admit that IHC has paid some amount for the Cell. (Defs. Ans. to Pls. Fourth Am. Compl. ¶ 42.) Further, in its own counterclaim, Hetran admits that the outstanding sum due is approximately $294,931 of the $5,953,756 purchase price. (Counter-Pl. Counterclaim ¶¶ 11, 38.) Thus, it appears from the counterclaim that IHC and Bar have a right to possession, control, or ownership over a large percentage of the Cell. While Hetran may have alleged that IHC and Bar are in wrongful possession of the Cell, the facts alleged in the counterclaim contradict that factor. Accordingly, the court grants counter-defendants motion to dismiss Count IV of Hetran's counterclaim.

**D.      Count VI – Unjust Enrichment Claim Against IHC and Bar**

Count VI is a claim for unjust enrichment. Hetran claims that IHC and Bar have been unjustly enriched because Hetran provided parts and labor, in excess of the contractual terms, and that IHC and Bar have refused to pay for those services. Counter-defendants argue that this count should be dismissed because the parties' relationship is governed by a contract.

As part of the contract for the sale of the Cell, Hetran agreed to provide a serviceman and an operator at IHC's facilities for fifty weeks following the start of operations. (Pls. 4th Am. Compl., Ex. 1 ¶ 9(d).) Further, Hetran agreed to provide training personnel for a period of four weeks. (*Id.* ¶ 9(e).) According to the counterclaim, Hetran fulfilled its contractual obligations and stationed servicemen, operators, and trainers at the Cell facilities. However, following the contract-allotted 54 weeks, IHC and Bar required more assistance. Hetran alleges that it

provided this additional on-site training and service for numerous weeks after the contract time expired, which directly benefitted IHC and Bar. Hetran further alleges that this extended service had a value of approximately $3,000 per week, which counter-defendants have refused to pay.

In order to state a claim for unjust enrichment, Hetran must allege that counter-defendants voluntarily accepted a benefit which would be inequitable for them to retain without compensating Hetran. *Skinner v. Shirley of Hollywood*, 723 F. Supp. 50, 55-56 (N.D. Ill. 1989). In its counterclaim, Hetran alleges that (1) counter-defendants requested that Hetran provide extended training and service; (2) counter-defendants directly benefitted from this service; and (3) counter-defendants refuse to pay the fair market value for the services Hetran provided. (Counter-Pl. Counterclaim ¶¶ 50-61.) Thus, they have sufficiently alleged a claim for unjust enrichment. Counter-defendants, however, argue that because a contractual relationship exists between the parties, Hetran is barred from alleging a claim for unjust enrichment. The court disagrees.

In their motion to dismiss, counter-defendants contend that the contract governs the terms of the labor and service which Hetran was to provide to IHC and Bar. Because this relationship is governed by the sale contract, Hetran is barred from claiming unjust enrichment. In support of this argument, counter-defendants cite to *Allied Vision Group, Inc. v. RLI Prof'l Tech., Inc.*, 916 F. Supp. 778 (N.D. Ill. 1996) for the proposition that when a written contract places a time limit on the alleged services, a party cannot "unilaterally alter the terms of the contract by now claiming unjust enrichment." (Counter-Defs. Reply Br. at 7 (citing *Allied*, 916 F. Supp. at 781-82).) In *Allied*, the plaintiffs – seeking a referral fee from the defendants – were ultimately

10

trying to **extend** the contract's time limitations by claiming unjust enrichment. The *Allied* court refused to alter the terms of the contract, instead holding that, because the contract set up a specific time limit, plaintiffs were bound by those terms. *Allied*, 916 F. Supp. at 781-82. In the present case, the contract placed a specific limit on the time when Hetran was obligated to provide on-site training and service. Hetran fulfilled the terms of the contract and provided that service for 54 weeks, after which time the contract expired. Thus, although a contract governed the relationship between Hetran and the counter-defendants, that contract had expired. The current claim for unjust enrichment is based upon the weeks following the expiration of the contract when Hetran provided the counter-defendants with on-site training and service. Hetran alleges that the counter-defendants benefitted from the service Hetran provided for numerous weeks following the expiration of the contract and that the counter-defendants have refused to pay for that service. This is enough, for purposes of a motion to dismiss, to state a claim for unjust enrichment. Accordingly, counter-defendants' motion to dismiss Count VI of Hetran's counterclaim is denied.

### III. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part counter-defendants' motion to dismiss counter-plaintiff Hetran's counterclaim. The motion is granted as to Count II and IV. The motion is denied as to Count VI.

MAR 22 2000
_____
Date

James H. Alesia
United States District Judge

11





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1496 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Donald Phelps Matheson vs. John B. McCoy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. This Court orders that the plaintiff Donald Phelps Matheson, Trustee U/A Donald P. Matheson Revocable Trust be added to the list of plaintiffs in Ex. A to the Complaint in Case No. 00 C 880. Robert F. Coleman and David Harrison be added to the list of plaintiffs' counsel in Ex. B to the complaint in Case No. 00 C 880 and Case No. 00 C 1496 is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 23 2000 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 3 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SN | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD PHELPS MATHESON, Trustee, )
etc., )
)
Plaintiff, )
)
v. )   No.   00 C 1496
)
JOHN B. McCOY, et al., )
)
Defendants. )
_____)
In re: )
)
BANK ONE SHAREHOLDERS CLASS ACTIONS)
— — — — — — — — — — — — — — — —)
)   No.   00 C 880
JOHN B. McCOY, THOMAS E. REILLY, )
JR., RICHARD J. LEHMANN, DAVID J. )
VITALE, RICHARD W. VAGUE, ROBERT A.)
ROSHOLT, FIRST USA BANK, N.A. and )
BANK ONE CORP., )
)
Defendants. )

MEMORANDUM ORDER

Case No. 00 C 1496 was filed and assigned at random to the
calendar of this Court's colleague Honorable Elaine Bucklo after
this Court had effectively consolidated the 25 earlier putative
class actions advancing the identical claims against the selfsame
defendants.  Before Case No. 00 C 1496 was filed, this Court had
already caused a single Complaint to be filed in Case No.
00 C 880, including all plaintiffs in the earlier actions as co-
plaintiffs and including all lawyers of record in the earlier

3

actions as co-counsel in that new Complaint.

This Court has, with the agreement of Judge Bucklo, caused Case No. 00 C 1496 to be reassigned to this Court's calendar on grounds of relatedness as prescribed by this District Court's LR 40.4. Consistently with the handling of the other 25 earlier cases of an identical nature, this Court now orders:

1. that plaintiff Donald Phelps Matheson, Trustee U/A Donald P. Matheson Revocable Trust, be added to the list of plaintiffs in Ex. A to the Complaint in Case No. 00 C 880;

2. that Robert F. Coleman, Esq. of Robert F. Coleman & Associates and Richard Dannenberg, David Harrison and Vincent Briganti of Lowey Dannenberg Bemporad & Selinger be added to the list of plaintiffs' counsel in Ex. B to the Complaint in Case No. 00 C 880 (subject to the compliance, by those members of the Lowey Dannenberg firm, with this Court's requirements for pro hac vice admission to the bar of this District Court); and

3. that Case No. 00 C 1496 be dismissed without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2000

2





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1396 | **DATE** | 3/20/2000 |
| **CASE TITLE** | Mustafa vs. Equilon Enterprises,,etal | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hearing held on cross-motions for temporary restraining order in open court on 3/17/00. Enter agreed order: Hearing on cross-motions for preliminary injunction is referred and scheduled before Magistrate Judge Rosemond for 3/31/00 at 9:30 a.m., unless otherwise informed by Magistrate Judge Rosemond as to date and time of hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 23 2000 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| GL | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANWAR MUSTAFA<br>NMZ, INC. and HAMMIN, INC.<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES, LLC.<br>SHELL OIL, INC.<br>TEXACO OIL, INC.<br><br>Defendants.<br>_____<br>EQUILON ENTERPRISES, LLC.<br>as successor in interest to SHELL OIL<br>COMPANY, a Delaware corporation,<br><br>Counter-Plaintiff<br><br>v.<br><br>NMZ, Inc., an Illinois corporation and<br>ANWAR MUSTAFA, an individual,<br><br>Counter-Defendants. | No. 00 CV 1396 |

DOCKETED
MAR 2 3 2000

### AGREED ORDER

This cause coming to be heard on the cross-motions of the parties for temporary restraining

orders, each party seeking certain injunctive relief, due notice being given and the court being fully

advised in the premises and the parties being in agreement through their respective counsel;

IT IS HEREBY ORDERED AND ADJUDGED:

1.     That NMZ, Inc., and all persons in active concert and participation with it, continue

to maintain possession of the service station located at 7858 South Western Avenue, Chicago,

Illinois, until further order of court;

2.      That NMZ, Inc., and all persons in active concert and participation with it, must fully operate the service station located at 7858 South Western Avenue, Chicago, Illinois for the sale of petroleum products, in the following manner:

a.      NMZ, Inc. shall purchase from Equilon Enterprises LLC all grades of petroleum products previously carried, to insure that such petroleum products are available for sale at all times to the public; and

b.      That petroleum product dispensers at the station must be operational at all times for the sale of petroleum products.

3.      That Equilon Enterprises LLC, shall continue to sell petroleum products to NMZ, Inc., provided that NMZ, Inc. pays with cash or certified funds for such petroleum products;

4.      That Equilon Enterprises LLC will not attempt to use any self-help or other means without process of law to secure possession of the premises prior to the hearing on the parties' cross-motions for preliminary injunctive relief;

5.      That this order shall remain in effect until further order of court; and

6.      That the parties' cross-motions for preliminary injunctive relief be set down for hearing on the 31st day of March, 2000 at _9:30 a.m._ before Magistrate Judge Rosemond.


ISSUED AT _3:00_ ~~a.m.~~/p.m., March _20_ , 2000.

By: _____
                Judge





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5566 | **DATE** | March 22, 2000 |
| **CASE TITLE** | Terry Young #02368-424 v. Jim Ryan, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff Terry Young apparently never received a copy of the court's dismissal order of January 18, 2000. The court directs the clerk to send plaintiff a copy of the January 18 order at plaintiff's current address at Beaumont United States Penitentiary, P.O. Box 26030 Beaumont, TX 77720.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 2 2000 | | |
| ✓ | Docketing to mail notices. | date docketed | | |
| | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| BM | courtroom deputy's initials | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3656 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Bogosian vs. Bd. Of Edu., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling on defendant's motion to disqualify counsel to be made by mail.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

MAR 23 2000

date docketed

docketing deputy initials

date mailed notice

MPJ — courtroom deputy's initials

Date/time received in central Clerk's Office — mailing deputy initials

Document Number

33





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3076 | **DATE** | 3/22/2000 |
| **CASE TITLE** | FRANKE vs. USA | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff not in court. Status hearing held. All dispositive motions to be filed on or before 4/21/00. Responses are due 5/8/00. Replies are due 5/22/00. Ruling will be by mail.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| CG | courtroom deputy's initials |
|---|---|

number of notices

MAR 23 2000

date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2686 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Newcourt Financial vs. D & G Medical | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' Amended Motion to Compel is granted to the extent that the plaintiff is ordered to supplement responses to indicate efforts to locate information/and or person. The case will be tried as a bench trial and not a jury trial. The deadline for filing a pretrial order and the pretrial conference are both stricken pending ruling on the summary judgment motions. The trial date of 4/24/200 shall remain at this time.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 22 2000 | |
| ✓ | Docketing to mail notices. | | | date docketed | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| PAMF | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 976 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Miranda O'Neal vs. Altheimer & Gray, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for default judgment

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for default judgment against defendants is denied without prejudice. Discovery cut-off date extended to April 30, 2000. Status hearing set for May 2, 2000 in open court is reset to May 3, 2000 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 3 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAP | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 746 | **DATE** | March 22, 2000 |
| **CASE TITLE** | Resource Bancshares Mortgage Group Inc  v  Shawn Crump, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter order approving report of sale and distribution and order for possession.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 2 3 2000 | 15 |
| | Docketing to mail notices. | | | date docketed | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | GDS | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

cookoas.def

FISHER & FISHER FILE#37785

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Resource Bancshares Mortgage Group, Inc. )
    Plaintiff )  Case No. 99 C 0746
VS. )  Judge Gettleman
Shawn Crump and Levita Crump, Gloria )
Gregory, as Trustee )
    Defendant )

## ORDER APPROVING REPORT OF SALE AND DISTRIBUTION
## AND ORDER FOR POSSESSION

This cause coming to be heard on Plaintiff's motion for the entry of an order approving the Report of Sale and Distribution filed by the duly appointed Special Commissioner of this Court.

The court having examined said report finds that the Special Commissioner has in every respect proceeded in accordance with the terms of this Court's Decree and that said sale was fairly and properly made, and that the proceeds derived therefrom were properly distributed but were not sufficient to pay in full the amount due Plaintiff leaving a deficiency of $ 1,468.44.

IT IS ORDERED that the sale of the premises involved herein by said commissioner, the distribution by him of the proceeds of sale, issuance of the Commissioner's Certificate of Sale and his Report of Sale and Distribution of proceeds of said sale, be and the same is hereby approved and confirmed.

IT IS FURTHER ORDERED that the Plaintiff have an In Rem Deficiency Judgment in the amount of $ 1,468.44.

IT IS FURTHER ORDERED that the United States Marshall and/or Sheriff of Cook County remove from possession of the premises commonly known as 5261 W. Glady's, Chicago, IL 60644 the defendants, Shawn Crump and Levita Crump, and that he put the plaintiff/bidder or their nominee into full and complete possession thereof. The eviction shall not be held until 31 days after the date of this order.

IT IS FURTHER ORDERED that the Cook County Sheriff complete the eviction of the premises commonly known as 5261 W. Glady's, Chicago, IL 60644, within 45 days of the filing of this order and payment of the necessary fee with the Cook County Sheriff's Office.

ENTERED: _____
                JUDGE

DATED: MARCH 22, 2000
Elizabeth Kaplan Meyers: Renee F. Meltzer: Michael S. Fisher
Steven J. Christenholz: Erik E. Blumberg:
Marc D. Engel: Julie E. Fox
FISHER AND FISHER, Attorneys at Law, P.C.
120 N. LaSalle Street, Chicago, IL 60602, (773) 854-8055





# United States District Court
## Northern District of Illinois
### Eastern Division

Joseph Toussaint

v.

Sheriff of Cook County, Illinois

**JUDGMENT IN A CIVIL CASE**

Case Number: 97 C 7866

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment [18-1] is granted.

MAR 23 2000

Michael W. Dobbins, Clerk of Court

Date: 3/22/2000

Imelda Saccomonto, Deputy Clerk