Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 1716 | DATE | 2/7/2001 |
| CASE TITLE | INDUSTRIAL HARD CHROME vs. HETRAN, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to bifurcate the trial of claims I through V from the trial of claims VI and VII is granted. The decision should not be interpreted as a ruling on the admissibility of evidence in either trial. Enter memorandum opinion and order.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

| | |
|---|---|
| INDUSTRIAL HARD CHROME, LTD., IHC LIMITED PARTNERSHIP, and BAR TECHNOLOGIES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> HETRAN, INC. and GLOBAL TECHNOLOGY, INC., HELMUT OERTMANN, GTI ASSOCIATES, L.P., GISELA OERTMANN, and HGN, INC. <br><br> Defendants. | Case No. 99 C 1716 <br><br> The Honorable John W. Darrah <br><br> **DOCKETED** <br> FEB 0 9 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Industrial Hard Chrome, LTD.; IHC Limited Partnership; and Bar Technologies, L.L.C. ("Plaintiffs"), have filed a fifth-amended multi-count complaint against Defendants, Hetran, Inc.; Global Technology, Inc.; GTI Associates, L.P.; HGN, Inc.; Helmut Oertmann; and Gisela Oertmann. The first five counts involve the sale of a bar-processing machine from Defendant Hetran to Plaintiff IHC: (1) Breach of Contract, (2) Breach of Implied Warranty, (3) Breach of Express Guaranty, (4) Breach of Contract, (5) Breach of Implied Warranty of Merchantability. The last two counts (6 & 7) allege fraudulent conveyance to avoid a potential judgment on the contract claims. Defendants Hetran, Inc. and Global, Inc. ("Defendants") have moved to bifurcate the trial on the fraudulent conviction claims from the contractual claims pursuant to FED.R.CIV.P. 42(b). For the reasons that follow, the Court GRANTS Defendants' motion to bifurcate the trial of claims I through

V from the trial of claims VI and VII.

## LEGAL STANDARD

A court may order a separate trial of any claim if it furthers judicial economy or avoids prejudice to a party. FED.R.CIV.P. 42(b). Only one of these criteria need to be satisfied for a court to order a separate trial. *Dewitt v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993).

In considering a motion for bifurcation, the court must initially determine whether separate trials would avoid prejudice to a party or promote judicial economy. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1120 (7th Cir. 1999). Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. *Id.* Finally, separate trials must not be granted if doing so would violate the Seventh Amendment. *Hydrite Chemical Company v. Calumet Lubricants Co.*, 47 F.3d 887, 890 (7th Cir. 1995). Bifurcation violates the Seventh Amendment if a court divides "issues between separate trials in such a way that the same issue is reexamined by different juries." *Matter of Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). While both juries can examine overlapping evidence, they may not decide factual issues that are common to both trials and essential to the outcome. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1125 (7th Cir. 1999).

The ultimate decision to bifurcate under FED.R.CIV.P. 42(b) is within the court's discretion, and will be overturned only upon a clear showing of abuse. *McLaughlin v. State Farm*, 30 F.3d 861, 870 (7th Cir. 1994).

## DISCUSSION

The potential for jury prejudice and confusion requires claims I to V to be tried separately from claims VI & VII.

## *Prejudice and Confusion*

The trial of claims VI and VII involve completely different elements and proofs than those which form the basis of claims I through V. Given the nature of this case, if all seven claims were tried together, a significant likelihood of jury confusion and prejudice would be presented.

Trial of claims VI and VII based on fraudulent conveyance would involve presentation of complex financial accounting evidence regarding the timing and extent of Defendants' alleged insolvency. Defendants' alleged insolvency would turn on whether its contingent claims (i.e., legal exposure) exceeded its assets at the time of the transfers.[1] Determination of Defendants' legal exposure would involve presentation of evidence regarding the probability of success and potential damages liability on the contractual claims involved in Counts I through V. Introduction of probability evidence from risk assessment professionals concerning the legal viability of claims I through V (to allegedly assist the jury in its consideration of claims VI & VII) presents a serious likelihood of confusion and prejudice for a jury hearing the contract action.

In reaching this conclusion, the Court has carefully read the Seventh Circuit's decision in *Dewitt v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993). The facts in this case are materially different from the facts presented in *Dewitt*. In *Dewitt*, the defendant acknowledged that the unpaid fees exceeded his total assets at the time of the transfers. *Id.* at 1245. In short, the defendant did not dispute the magnitude of his potential liability. Here, the issue of damages is hotly disputed, and determination of Defendants' insolvency (an element of fraudulent conveyance) depends directly on

---

[1] The "expected value" of the Defendant's contingent (legal) liability would generally be expressed as the probability of loss multiplied by the amount of the potential loss. However, since the magnitude of damages is at issue in this trial, this formula might become increasingly complex, as the "expected value" of the exposure becomes the sum of the varying levels of loss multiplied by their attendant probabilities.

-3-

the extent of Defendants' legal exposure at the time of the transfers. The facts of this case surrounding Plaintiffs' fraudulent conveyance claims are significantly more complex and potentially prejudicial than those in *Dewitt* and, therefore, require bifurcation.

Furthermore, and of at least equal importance, the allegations of fraud and the proofs and connotations inherent in a trial on claims VI and VII pose a further threat of jury prejudice in concurrently considering the evidence on claims I through V.

### *Prejudice to the Non-Moving Party*

In exercising its discretion to bifurcate, the Court finds that bifurcation would not unfairly prejudice the non-moving party. Plaintiffs have not shown how it would be prejudiced. Therefore, the Court finds that the Plaintiffs would not be unfairly prejudiced.

### *Seventh Amendment Concerns*

Bifurcation of claims VI and VII will not require separate juries to consider factual issues that are common to both trials and essential to the outcome. The issue of Defendants' solvency (more specifically the amount of assets the Defendants should maintain to cover its legal exposure to remain "financially solvent") is distinct from the legal determination of Defendants' liability. Bifurcation of claims VI and VII will not impact either party's Seventh Amendment rights.

## CONCLUSION

Defendants' Motion to bifurcate the trial of claims I through V from the trial of claims VI and VII is GRANTED. This decision should not be interpreted as a ruling on the admissibility of evidence in either trial.

*(signature)*
John W. Darrah, Judge
United States District Court

Date: February 7, 2001