# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1716 | **DATE** | 2/7/2001 |
| **CASE TITLE** | INDUSTRIAL HARD CHROME vs. HETRAN, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant Hetran's motion for summary judgment is denied. Enter memorandum opinion and order.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | FEB 09 2001 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| LG courtroom deputy's initials | | 01 FEB -8 PM 6:03 Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 216

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

| | |
|---|---|
| INDUSTRIAL HARD CHROME, LTD., IHC LIMITED PARTNERSHIP, and BAR TECHNOLOGIES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> HETRAN, INC. and GLOBAL TECHNOLOGY, INC., HELMUT OERTMANN, GTI ASSOCIATES, L.P., GISELA OERTMANN, and HGN, INC. <br><br> Defendants. | Case No. 99 C 1716 <br><br> The Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Industrial Hard Chrome, LTD.; IHC Limited Partnership; and Bar Technologies, L.L.C. ("Plaintiffs") have filed a fifth amended seven-count complaint against Defendants, Hetran, Inc.; Global Technology Inc.; GTI Associates, L.P.; HGN, Inc.; Helmut Oertmann; and Gisela Oertmann. Defendant Hetran, Inc. ("Defendant") has filed six counterclaims against Plaintiffs. The first of these counterclaims was a Breach of Contract action based on Industrial Hard Chrome's decision to withhold the final installment payment of $294,931.61.

Defendant Hetran has moved for summary judgment on its first counterclaim pursuant to FED.R.CIV.P. 56. For the reasons that follow, the Court DENIES Defendant's Motion.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and

-1-

the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the Court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate through specific evidence that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## ANALYSIS

Defendant Hetran has moved for summary judgment on it counterclaim for the remaining $294,931.61 allegedly due under the agreement. Plaintiffs argue that the Agreement specified that the remaining installment payment of $294,931.61 would be paid when the Cell was "fully operational." Plaintiffs contend that (in their estimation) since the Cell has never been "fully operational," IHC is not obligated to pay the remaining $294,931.61.

Material issues of fact exist as to whether the Cell has become "fully operational"; and, therefore, Defendant Hetran's Motion for Summary Judgment on the counterclaim is denied.

Plaintiffs have sought to assert Judge Alesia's opinion, *Industrial Hard Chrome v. Hetran*, 76 F.Supp.2d 903 (N.D.IL 1999) as the law of the case. In this opinion, Judge Alesia found that

-2-

"[t]he terms of the contract clearly state that the final payment is not due until the Cell is 'fully operational at IHC.'" Id. at 907. Pursuant to Judge Alesia's interpretation of the terms of the contract, the contract only obligated Plaintiffs to tender the final payment when the Cell was fully operational. This is considered with the ruling herein.

In its Motion for Summary Judgment on its Counterclaim, Defendant argues that since Plaintiffs have "accepted the cell" and used it, Plaintiff IHC is obligated to tender the remaining payment under Illinois law. The Court need not consider this argument since <u>the express terms of the contract</u> govern IHC's obligation to tender the final installment payment.

The central issue presented in this Motion for Summary Judgment regarding IHC's obligation to tender the remaining payment is whether the Cell has become "fully operational". The exact meaning of the phrase "fully operational" is itself in dispute. In Count I of their Fifth Amended Complaint, Plaintiffs make numerous allegations as to why the Cell does not meet the contract's specifications and, hence, could not be considered as being "fully operational".

Defendant Hetran has not met its burden of showing that there is no genuine issue of material fact as to whether the Cell was "fully operational" when delivered, thereby obligating Plaintiff IHC to tender the final payment.

## CONCLUSION

For the reasons stated herein, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: February 7, 2001

-3-